UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

TIMOTHY STANTON,

                          Plaintiff          DECISION AND ORDER

-vs-

                                           09-CV-6430 CJS

LINCOLN LIFE & ANNUITY COMPANY
OF NEW YORK and JEFFERSON PILOT
LIFE AMERICA INSURANCE COMPANY,

                          Defendants

_____

APPEARANCES

For Plaintiff:          Peter K. Skivington, Esq.
                             Jones and Skivington
                             31 Main Street
                             Geneseo, New York 14454

For Defendants:      Mark C. Stephenson, Esq.
                             Nelson Levine DeLuca & Horst, LLC
                             518 Township Line Road
                             Blue Bell, Pennsylvania 19422

INTRODUCTION

      This is an action to recover accidental death insurance benefits, brought pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*. The decedent was intoxicated and operating a snowmobile when he struck a tree and was killed. Defendants denied coverage, on two grounds: 1) the death was not accidental; and 2) the policy excludes coverage for losses caused by "driving a motor vehicle while intoxicated."

Plaintiff, a beneficiary of the subject policy, contends that the decision denying benefits was arbitrary and capricious. Now before the Court is Defendants' summary judgment motion [#19] and Plaintiff's cross-motion [#22] for the same relief. For the reasons that follow, Defendants' application is granted, Plaintiff's application is denied, and this action is dismissed.

BACKGROUND

Unless otherwise noted, the following are the facts of this case, viewed in the light most favorable to Plaintiff. The decedent, Brian Zamiara ("Zamiara"), was an employee of Lecesse Construction Services, LLC ("Lecesse") and was covered by Lecesse's group insurance policy covering accidental death ("the policy"). Specifically, the policy covers "loss of life" that is "accidental." The policy contains an exclusion, which states, in pertinent part: "Benefits are not payable for any loss to which a contributing cause is . . . the Insured Person's driving a motor vehicle while intoxicated." The policy does not define the term "motor vehicle." However, the policy, which uses the term "auto accident" in certain sections, defines "auto" as follows: "'Auto' means a 4-wheel passenger car, station wagon, jeep, pick-up truck or van-type car. It must be licensed for use on public highways. It includes a car owned or leased by the Group Policyholder." Policy p. 33.

The policy was issued by defendant Jefferson Pilot Life America Insurance Company ("Jefferson"), and defendant Lincoln Life & Annuity Company of New York ("Lincoln") was the claims administrator for the policy.

On the night of December 19, 2008, Zamiara and some friends were operating their snowmobiles in and around Avon, New York. Zamiara consumed a quantity of beer at several different taverns during the outing. While traveling home on a snowmobile trail

through a wooded area, Zamiara failed to make a turn, left the trail, and struck a tree with his snowmobile. Zamiara's riding companion indicated that they had been traveling approximately 55 miles per hour. The riding companion also indicated that he and Zamiara had needed to stop their snowmobiles several times that night to remove ice from their helmet face shields. However, there is no indication in the record as to whether or not Zamiara's face shield was iced over at the time of the crash.

Zamiara died at the scene from a fractured spine, and an autopsy indicated that his blood alcohol concentration ("BAC") was between 0.12 and 0.14. The autopsy report states, in pertinent part: "Cause of Death: Fracture of spine. The manner of death is Accident." On December 20, 2008, an officer with the New York State Office of Parks, Recreation & Historic Preservation completed an accident report, indicating, in part, that "alcohol involvement" was an "apparent contributing factor" in the crash. (AR0112-0113). The Livingston County Sheriff's Office also conducted an investigation, but did not indicate whether alcohol was a factor in the crash.

Lincoln denied coverage, and Plaintiff exhausted his appeal rights under the policy. On July 17, 2009, Lincoln issued its final denial of Plaintiff's claim. In that regard, Lincoln denied the claim for two reasons. First, Lincoln indicated that Zamiara's death was not accidental, within the meaning of the policy, because a reasonable person would have viewed the injury (Mr. Zamiara's death) as a reasonably foreseeable result of his operating a snowmobile at a high rate of speed at night on a trail in a wooded area while intoxicated. Second, Lincoln indicated that even if the death was accidental, coverage was excluded because a contributing cause of the injury was the fact that Zamiara was operating a motor vehicle while intoxicated.

On August 25, 2009, Plaintiff commenced the instant action. Plaintiff contends that the decision to deny coverage was arbitrary and capricious, because the death was an accident within the meaning of the policy, and because a snowmobile is not a motor vehicle within the meaning of the relevant exclusion. Following a period of discovery, the parties filed the subject motions for summary judgment. On August 12, 2010, counsel for the parties appeared before the undersigned for oral argument.

DISCUSSION

*Summary Judgment Standard*

Summary judgment may not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists. *See, Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "[T]he movant must make a prima facie showing that the standard for obtaining summary judgment has been satisfied." 11 MOORE'S FEDERAL PRACTICE, § 56.11[1][a] (Matthew Bender 3d ed.). "In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant may satisfy this burden by pointing to an absence of evidence to support an essential element of the nonmoving party's claim." *Gummo v. Village of Depew*, 75 F.3d 98, 107 (2d Cir. 1996)(*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)), *cert denied*, 517 U.S. 1190 (1996).

The burden then shifts to the non-moving party to demonstrate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). To do this, the non-moving party must present

4

evidence sufficient to support a jury verdict in its favor. *Anderson*, 477 U.S. at 249; *see also*, FED. R. CIV. P. 56(e)("When a motion for summary judgment is made and supported as provided in this rule, and adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."). Summary judgment is appropriate only where, "after drawing all reasonable inferences in favor of the party against whom summary judgment is sought, no reasonable trier of fact could find in favor of the non-moving party." *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir.1993). The parties may only carry their respective burdens by producing evidentiary proof in admissible form. FED. R. CIV. P. 56(e). The underlying facts contained in affidavits, attached exhibits, and depositions, must be viewed in the light most favorable to the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

Plaintiff brings this action to recover benefits pursuant to 29 U.S.C. § 1132. With respect to this statute, it is well settled that:

> "[A] denial of benefits challenged under [29 U.S.C.] § 1132(a)(1)(B) is to be reviewed [by a district court] under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). Where the plan does grant discretion to the administrator, a court "will not disturb the administrator's ultimate conclusion unless it is arbitrary and capricious." *Pagan v. NYNEX Pension Plan*, 52 F.3d 438, 441 (2d Cir.1995).

*Tocker v. Philip Morris Companies, Inc.*, 470 F.3d 481, 487 (2d Cir. 2006). Under the arbitrary and capricious standard, the court must uphold the administrator's decision unless it is "without reason or erroneous as a matter of law," and "[w]here the plan participant and the plan administrator offer "two competing yet reasonable interpretations of [the plan]," [the

5

court] must accept that offered by the administrators." *Id*. at 489 (citations omitted); *see also, Miller v. United Welfare Fund*, 72 F.3d 1066, 1070 (2d Cir. 1995) ("The court may reverse only if the fiduciary's decision was arbitrary and capricious, that is without reason, unsupported by substantial evidence or erroneous as a matter of law.") (citation and internal quotation marks omitted). Substantial evidence "is such evidence that a reasonable mind might accept as adequate to support the conclusion reached by the decisionmaker and requires more than a scintilla but less than a preponderance." *Id*. at 1072 (citation and internal quotation marks omitted).

In situations "where (as here) the plan administrator is not the employer itself but rather a professional insurance company," "for ERISA purposes a conflict [of interest] exists." *Metropolitan Life Ins. Co. v. Glenn*, 128 S.Ct. 2343, 2349 (2008). When such a conflict exists, " reviewing court should consider that conflict as a factor in determining whether the plan administrator has abused its discretion in denying benefits," although, "the significance of the factor will depend upon the circumstances of the particular case." *Id*. at 2346.

Courts "interpret ERISA plans in an ordinary and popular sense as would a person of average intelligence and experience," and ambiguities in the language of ERISA insurance plans "are to be construed against the insurer." *Critchlow v. First Unum Life Insur. Co. of America*, 378 F.3d 246, 256 (2d Cir. 2004). Exclusionary clauses in insurance policies "should be read narrowly rather than expansively," and "the insurer has the burden of proving that an exclusion applies." *Id*. (citations omitted).

In conducting a review using the arbitrary and capricious standard, the Court is limited to the record that was before the plan administrator. *Miller v. United Welfare Fund*,

6

72 F.3d at 1071 ("We follow the majority of our sister circuits in concluding that a district court's review under the arbitrary and capricious standard is limited to the administrative record."). In the instant case, all parties agree that the Court must apply the arbitrary and capricious standard of review. Accordingly, the Court will only consider materials that were before Defendant when it rendered its decision.

As discussed earlier, Plaintiff contends that the decision to deny coverage was arbitrary and capricious, for two reasons. First, Plaintiff maintains that Zamiara's death was accidental within the meaning of the policy and under relevant caselaw, because Zamiara subjectively did not expect to die while snowmobiling that evening, and because a reasonable person in Zamiara's position would not have thought that death was substantially likely to occur under the conditions in which he operated the snowmobile. Second, Plaintiff contends that a snowmobile is not a "motor vehicle," and that the policy exclusion for injuries suffered as a result of driving a motor vehicle while intoxicated does not apply. However, the Court does not need to decide the first issue, because it finds that the decision to treat a snowmobile as a motor vehicle under the policy was not arbitrary or capricious.

The subject policy does not define the term "motor vehicle." Consequently, Lincoln was required to construe that term, and it interpreted the term "motor vehicle" to include a snowmobile. As already discussed, the Court must defer to that interpretation, unless it is without reason, unsupported by substantial evidence or erroneous as a matter of law. Moreover, where the plan participant and the plan administrator offer two competing yet reasonable interpretations of the plan, a court must accept that offered by the plan administrator. Plaintiff insists that Lincoln's interpretation of the term "motor vehicle," to

7

include snowmobiles, was arbitrary and capricious, particularly in light of Defendants' inherent conflict of interest. On this point, Plaintiff notes, for example, that according to Lincoln's internal file documents, it was initially unsure of whether to classify a snowmobile as a motor vehicle. Plaintiff further contends that, after initially denying the claim based solely on the exclusion for operation of a motor vehicle while intoxicated, and after being challenged on that point by Plaintiff's attorney, Lincoln later "changed course" and added a second ground for denying the claim, namely, that the injury was not an "accident" within the meaning of the policy.[1] Plaintiff maintains that this latter justification eventually became Lincoln's "principal basis" for denying coverage. In this regard, Plaintiff suggests that Lincoln must have been unconvinced that a snowmobile is a motor vehicle, otherwise it would not have bothered to state a second basis for denying coverage. Plaintiff further states that "a snowmobile is not a motor vehicle under New York State law." Plaintiff's Memo of Law at 5-6.

Clearly, some New York statutes exclude snowmobiles from their definition of "motor vehicle," including Penal Law § 150.00(2), Personal Property Law § 301(1), and Vehicle and Traffic Law § 125.[2] However, some New York statutes include snowmobiles within the definition of a motor vehicle. For example, Insurance Law § 3442(13) states: ""Motor

---

[1] *See*, Plaintiff's Memo in Support of Summary Judgment at 5-6: "The first denial letter and how Lincoln analyzed this claim becomes significant when this Court looks at the final denial letter sent by Lincoln and also Lincoln's review after being challenged by plaintiff relative to whether a snowmobile is a motor vehicle under New York State law. While Lincoln initially denied the claim based solely upon the application of the exclusion pertaining to 'driving a motor vehicle while intoxicated,' Lincoln later changed course and asserted that the death was not accidental only after Plaintiff clearly and convincingly informed Lincoln that a snowmobile is not a motor vehicle under New York State law. It is submitted that Lincoln was determined to deny the payment of benefits in this case . . . .")

[2] New York Vehicle & Traffic Law generally excludes snowmobiles from the definition of motor vehicles. However, as noted below, at least one section of the Vehicle & Traffic Law defines snowmobiles as motor vehicles. *See*, Vehicle & Traffic Law § 316, entitled "Self Insurers."

vehicle" means a motor vehicle as defined in section three hundred eleven of the vehicle and traffic law, whether or not used on a public highway, *and includes a snowmobile* as defined in section two thousand two hundred twenty-one of the vehicle and traffic law."(emphasis added). Similarly, other New York statutes define the term "motor vehicle" to include snowmobiles, including Environmental Conservation Law § 11-0931, Insurance Law § 3442(a)(13), Insurance Law § 5202(a), Penal Law § 10.00(14), and Vehicle and Traffic Law § 316.[3] On this point, one court has observed, concerning the New York code's inconsistent treatment of snowmobiles as motor vehicles, as follows:

> [T]he statutes of New York State contain several different uses of this term ["motor vehicle"] with definitions which, in their various instances, may either include or exclude snowmobiles. For purposes of vehicle access to park land, section 15-2703 of the New York Environmental Conservation Law defines "motor vehicle" to include a snowmobile. Similarly, a snowmobile is a motor vehicle for purposes of withholding the tax component from motor vehicle damage insurance awards. N.Y.Tax Law § 341(a)(6) (McKinney Supp.1995). On the other hand, with regard to certain laws regulating highway usage, the Vehicle and Traffic Law has since 1987 excluded snowmobiles from the definition of motor vehicle. N.Y.Veh. & Traf.Law, § 125, (McKinney 1986). In short, the laws of New York offer no clear universal standard.

*In re Semrau*, 187 B.R. 96, 97 (W.D.N.Y. 1995). Because of this, the Court declines to find that Lincoln's classification of a snowmobile as a motor vehicle was arbitrary or capricious.

Plaintiff argues that a snowmobile is not a motor vehicle "under New York State law," but what he really means is that a snowmobile is not a motor vehicle under the New York Vehicle and Traffic Law. In that regard, when appealing Lincoln's initial denial of coverage, Plaintiff directed Lincoln's attention to Vehicle & Traffic Law § § 125 & 2229. (Docket No. [#19], Administrative Record Part 2, AR0099). The Court has already shown that this

---

[3] Consequently, plaintiff's broad statement that "New York law specifically excludes snowmobiles as a motor vehicle" is incorrect. Plaintiff's Sur-Reply Memo at 4.

assertion is at least partially incorrect. *See*, V&T Law § 316. More importantly, though, Plaintiff assumes that the policy term "motor vehicle" must be interpreted in accordance with the New York Vehicle & Traffic Law, without any explanation or authority to that effect. Further, Plaintiff's argument seems to suggest that the policy term "motor vehicle" is essentially synonymous with the policy term "auto," which, as discussed above, is defined as follows: "'Auto' means a 4-wheel passenger car, station wagon, jeep, pick-up truck or van-type car. It must be licensed for use on public highways." Policy p. 33. However, such an interpretation would render the policy term "motor vehicle" useless. Additionally, the use of the term "motor vehicle" in the exclusion, as opposed to "auto," indicates that it was intended to cover more than just automobiles.

Having considered all of Plaintiff's arguments, the Court finds that Defendants' determination to deny coverage under the relevant policy exclusion was not arbitrary or capricious.

## CONCLUSION

Defendants' application [#19] is granted, Plaintiff's application [#22] is denied, and this action is dismissed.

SO ORDERED.

Dated: Rochester, New York
September 1, 2010

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge